IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3007 |
| | § | |
| TEXAS MUTUAL INSURANCE | § | |
| COMPANY, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Strike [Doc. # 75] filed by Plaintiff Fair Isaac Corporation ("FIC"), to which Defendant Texas Mutual Insurance Company ("Texas Mutual") filed a Response [Doc. # 79], and Plaintiff filed a Reply [Doc. # 83]. Based on the Court's review of the record and the application of governing legal authorities, the Court **denies** the Motion to Strike.

Plaintiff is a management solutions corporation, and Defendant is a workers' compensation insurance company. Texas Mutual began using FIC's bill review software, known as SmartAdvisor, which Texas Mutual alleges caused a complete collapse of its medical bill review function and caused it to overpay bills by millions of dollars. FIC sued Texas Mutual for the unpaid amount of the contract, and Texas Mutual counterclaimed alleging fraud.

In a Memorandum and Order [Doc. # 48] entered July 17, 2006, the Court granted summary judgment in FIC's favor on Texas Mutual's pre-contract fraudulent inducement claim and denied summary judgment on the post-contract counterclaims.

On November 10, 2006, Texas Mutual filed an Amended Counterclaim [Doc. # 65]. FIC has moved to strike certain paragraphs of the Amended Counterclaim and the exhibits attached to it. FIC argues that certain paragraphs should be stricken because they relate to the pre-contract fraudulent inducement claim and that other paragraphs should be stricken because they relate to ongoing discovery in the case.

Rule 12(f) of the Federal Rules of Civil Procedure permits the district court to strike "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The Court has broad discretion to determine whether the challenged matter should be stricken. *See In re Beef Indus. Antitrust Litigation*, 600 F.2d 1148, 1168-69 (5th Cir. 1979); *Berry v. Lee*, 428 F. Supp. 2d 546, 563 (N.D. Tex. 2006). Rule 12(f) motions "are viewed with disfavor and are infrequently granted." *Berry*, 428 F. Supp. 2d at 563. The challenged paragraphs and the attached exhibits are clearly not redundant, impertinent, or scandalous.[1]

---

[1] Although the exhibits unquestionably reflect negatively on FIC, they do not rise to the level of scandalous material.

The Court finds that the paragraphs and exhibits relating to the pre-contract fraudulent inducement claims are not entirely immaterial because they provide background information and may be relevant to Texas Mutual's claim for punitive damages. Consequently, the Court declines to strike these paragraphs and the attached exhibits.

With reference to the discovery-related paragraphs, Texas Mutual has offered to "replace those paragraphs with the results" of subsequent discovery. The paragraphs reflect that, as to some issues, additional discovery is necessary and, as to other issues, discovery responses support Texas Mutual's allegations. While it is an unusual style, the paragraphs relating to discovery are not immaterial to such an extent that they should be stricken. In the very least, they are relevant to Texas Mutual's compliance with the requirements of Rule 11 of the Federal Rules of Civil Procedure that factual allegations "have evidentiary support or . . . are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." *See* FED. R. CIV. P. 11(b)(3).

Because the challenged paragraphs and exhibits are not redundant, immaterial, impertinent, or scandalous, the Court declines to exercise its discretion to strike them. It is, therefore,

**ORDERED** that FIC's Motion to Strike [Doc. # 75] is **DENIED**.

SIGNED at Houston, Texas this **5th** day of **January, 2007.**

_____
Nancy F. Atlas
United States District Judge