IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAIR ISAAC CORPORATION, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3007 |
| | § | |
| TEXAS MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | |

### MEMORANDUM AND ORDER

This case is before the Court on the Motion for Partial Summary Judgment and to Realign Parties ("Motion") [Doc. # 78] filed by Defendant Texas Mutual Insurance Company ("Texas Mutual"). Plaintiff Fair Isaac Corporation ("FIC") filed its response [Doc. # 85], Texas Mutual filed a reply [Doc. # 87], FIC filed a sur-reply [Doc. # 88], and Texas Mutual filed a letter [Doc. # 91] suggesting that "the Court deal with what is left of FIC's claims by entry of an order under Rule 56(d).[1]  Based on the Court's review of the full record and the application of governing legal authorities, the Motion is **denied** as explained herein.

FIC is a management solutions corporation, and Texas Mutual is a workers' compensation insurance company.  FIC sued Texas Mutual for amounts allegedly due

---

[1] The Court declines to enter an order under Rule 56(d) at this point.  The parties will, in their Joint Pretrial Order, identify the facts that are undisputed and those which remain in dispute.

under a Master Application Services Agreement (the "Contract"). Texas Mutual filed a counterclaim, alleging that FIC engaged in fraud and made negligent misrepresentations.

A court may enter summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). In deciding whether a fact issue has been created, the facts and the inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.,* 336 F.3d 410, 412 (5th Cir. 2003).

In this case, Texas Mutual has moved for summary judgment on FIC's claims. Texas Mutual asserts correctly that each of FIC's claim is based on nonpayment of amounts due under the Contract. Texas Mutual argues that, because it has paid all amounts for which it has been billed, it is entitled to summary judgment on FIC's claims. The parties, however, have presented conflicting evidence regarding whether Texas Mutual has paid all billed amounts. As a result, summary judgment is not appropriate.

Texas Mutual also asks the Court to realign the parties. FIC remains the Plaintiff with claims against Texas Mutual and, as a result, realignment of the parties is improper. To the extent that Texas Mutual's concern is its ability to present the evidence on its counterclaims as if it were the plaintiff, the Court will permit Texas Mutual to present rebuttal evidence regarding the counterclaims if requested.

Based on the conflicting evidence in the record, Texas Mutual is not entitled to summary judgment on FIC's claims. Realignment of the parties is improper because FIC remains the Plaintiff with live claims against Texas Mutual. Accordingly, it is hereby

**ORDERED** that Texas Mutual's Motion for Partial Summary Judgment and to Realign Parties [Doc. # 78] is **DENIED**.

SIGNED at Houston, Texas this **5th** day of **February, 2007.**

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge